Robertson, J.
If this be a case in which a bill of particulars can be demanded by the defendant as a matter of right, or in which the plaintiffs can furnish a better bill of particulars than they have giyen, and the defendant has not as much means of knowing for what the suit has been brought as the plaintiffs, it is clear they ought to be made to furnish an additional one, as that served is plainly insufficient.
The only case in which the Code gives the defendant a peremptory right to a bill of particulars is where an account is set out'in the pleadings, (§ 158,) in all other cases the Court may *683 order one; thus leaving it a matter of discretion whether it should be ordered or not. This discretion seems to be regulated by the ignorance of the defendant of the claim against him, and the superior knowledge of the plaintiff; thus, in an action brought to settle a partnership account, it was held that a demand of particulars was not a matter of right, and the necessity of giving them should be established by the moving papers. (Depew v. Leal, 5 Duer, ,663.) In another action, similar to the present, an order for a bill of particulars was discharged with liberty to renew it, in case the plaintiff did not apply for a discovery to enable him to give such bill. (Young v. De Mott, 1 Barb., 30.) In that case it appeared prima facie that there was written information in the defendant’s possession which would assist the plaintiff to make up a bill of particulars. Proceedings for discovery are confined to books, papers and documents in the possession or under the control of the party from whom the discovery is sought. (Code, § 388; 2 R. S., p. 199, § 24.) It does not appear in this case that the defendant has in his possession any such writings as would better enable the plaintiffs to furnish the particulars required; the articles sued for, are alleged to have been converted, and if so, are probably out of the defendant’s possession; at all events, even if they were in his possession, it is very doubtful whether the Court would order the production of them as chattels, to be inspected externally, so as to enable the plaintiff merely to describe them more minutely. Moreover, in order to obtain the discovery, there must be some description furnished of the articles to enable the Court to determine whether their production is material; (Hoyt v. American Exchange Bank, 1 Duer, 652;) and in this case, the plaintiffs have sworn in the complaint, that by reason of the defendant’s concealment, they can give no better description than they have already furnished. To require, therefore, the plaintiffs to apply for a production, by the defendant, of the goods in the possession of the latter,'for which suit is brought in order afterwards to inform the latter that they are such goods, seems superfluous. I do not think, therefore, the defendant entitled to further particulars, merely because the plaintiffs might have placed themselves in a better situation to give the defendant information by an application for a discovery.
*684 The affidavits, too, show that the defendant received the articles, whose conversion is complained of, as the agent of the plaintiffs ; the latter never saw them, and have no means of describing them except in general terms, which was always admissible in an action of trover before the Code. If the complaint is not sufficiently definite and certain in its description, the remedy is by a motion to make it so, when the ability of the plaintiffs to be more precise could be inquired into. (Code, § 160; Nellis v. De Forest, 16 Barb., 67.) The defendant evidently has all the knowledge necessary to enable him to shape his answer, which is the object for which he now seeks to obtain a further bill of particulars; if the object be to restrict the plaintiffs to certain claims to prevent surprise, it has been attained by compelling them to make the affidavit on this motion which confines the articles, whose conversion is sued for, to those received by the defendant as the agent of the plaintiffs; and if the kind is not rendered sufficiently certain in the complaint, it should be made so on motion. It would amount to a denial of justice, if a party who had been defrauded by an agent should be deprived of all remedy unless he could describe, with perfect accuracy, every article of his appropriated by such agent to his own use.
The motion therefore must be denied, without costs to either party.